FRANCIS J. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 10815-87
United States Tax Court
T.C. Memo 1994-547; 1994 Tax Ct. Memo LEXIS 555; 68 T.C.M. (CCH) 1095; 68 Trade Cas. (CCH) P1095; October 31, 1994, Filed *555 Decision will be entered for respondent. Francis J. Taylor, pro se. for respondent: Fred E. Green, Jr. FAY
FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec. Sec. Sec. Sec.
Sec. Year
Deficiency 6651(a)
6653(a)(1) 6653(a)(2) 6654
6661 1981
$ 33,925
$  7,869
$ 1,696
[1]
$ 2,363
--
1982 41,669
9,716
2,083
[1]
3,441
$ 10,417
1983 47,429
11,050
2,371
[1]
2,643
11,857
1984 52,044
12,111
2,602
[1]
2,768
13,011
1985 54,097
5,035
2,705
[1]
3,337
13,524
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issues for decision are: [1]
(1) Whether petitioner failed to file Federal income tax returns for the years 1981 through 1985. We find that he did. *556 (2) Whether petitioner is liable for an addition to tax pursuant to section 6651 for each of the applicable years. We find that he is. (3) Whether petitioner is liable for an addition to tax pursuant to section 6654 for each of the applicable years. We find that he is. (4) Whether petitioner is liable for an addition to tax pursuant to section 6653(a)(1) and (2) for each of the applicable years. We find that he is. Petitioner resided in Edgewood, Iowa, at the time the petition herein was filed. Petitioner filed a petition with this Court on April 28, 1987, requesting a redetermination of respondent's determination for the taxable years 1981 through 1985. On July 28, 1987, petitioner filed a motion for a 60-day extension of time to reply to respondent's answer. The Court granted petitioner's motion. On October 2, 1987, petitioner filed a notice of bankruptcy. Petitioner's filing triggered the automatic stay provisions of the Bankruptcy Code, and the proceedings before this Court were stayed. Over 3 years later, on December 14, 1990, the stay was finally lifted when the bankruptcy court denied petitioner's discharge. Less than 2 months after the stay was lifted, on February *557 8, 1991, petitioner filed a motion for stay of proceedings claiming to still need time to prepare a reply to respondent's answer. On March 6, 1991, petitioner's motion for stay of proceedings was denied, but petitioner was given until May 6, 1991, to file a reply to respondent's answer. Despite the extra time afforded petitioner, he failed to file a reply to respondent's answer. This matter was set for trial on October 7, 1991, and was continued on a joint motion for continuance. This matter was then set for trial on November 30, 1992, but was again continued, this time on petitioner's motion. This matter was finally heard on August 19, 1993. Petitioner has a college degree from Loras College in Dubuque, Iowa. He spent 5 years in the Navy, where he attended flight school and achieved the rank of lieutenant. During the years at issue, petitioner was employed as an airline pilot by Northwest Airlines. Petitioner had 6 years to prepare for trial and received several standing pretrial orders clearly explaining Court procedure. Petitioner, however, has wholly failed to cooperate with respondent during the course of these proceedings; for example, petitioner did not take part *558 in preparing a stipulation of facts as is required by Rule 91. Petitioner was given ample opportunity to enter into a stipulation of facts with respondent, but he failed to avail himself of any of the opportunities. [2]
At trial, petitioner arrived with a suitcase full of documents which petitioner stated weighed "about 100 pounds". Most, if not all, of the documents were subject to being stipulated. The Court enforced its standing pretrial order and refused to allow the introduction into evidence of any documents that should *559 have been stipulated by petitioner. On brief, petitioner argues that his access to court was denied at trial because the Court did not allow the introduction of his documents. This argument is without merit. Petitioner is an educated man who was entirely capable of reading and comprehending the Court's standing pretrial order explaining Rule 91 and the penalties for noncompliance. Petitioner was given ample opportunity during the 6-year pendency of this suit to comply with this Court's Rules in preparing his case for trial. At trial, the Court asked petitioner five times whether or not a Federal income tax return was filed for the years at issue. Petitioner attempted to evade answering the Court's question by repeating several times that a Form W-2 was filed. A Form W-2 is not a substitute for a return. . Petitioner does not claim to have filed Federal income tax returns for any of the years in question. We therefore find that petitioner failed to file his tax returns for the years at issue. Petitioner also argues that he is not subject to the income tax laws because he is a *560 citizen of the Republic of Texas, and not a citizen of the United States. This argument is also wholly without merit. Petitioner is a taxpayer and is subject to the income tax laws of the United States. ; . The Court rejects this and the other tax protester types of arguments raised by petitioner as being frivolous and without merit. The determinations contained within a notice of deficiency are presumed to be correct, and the taxpayer has the burden of proving otherwise. Rule 142(a); ; . Petitioner has not carried his burden of proof. Petitioner has not come forward with any evidence to rebut respondent's presumption; therefore, we sustain respondent's deficiency determinations as set forth in the notice of deficiency. Respondent determined that petitioner's underpayment of income taxes for all of the years in issue was due to negligence and, accordingly, determined *561 that he was liable for negligence additions to tax pursuant to section 6653(a). Negligence under section 6653(a) is defined as the lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner has the burden of proving that he is not liable for the negligence addition to tax. Rule 142(a); ; . The failure to file a timely tax return is prima facie evidence of negligence. , affd. . Such failure to file a tax return is sufficient to sustain the imposition of the negligence addition, pursuant to section 6653(a), where petitioner failed to establish that this failure to file was not negligent. . Petitioner failed to file tax returns for all of the years in issue. Petitioner presented no *562 evidence that his failure to file was reasonable or that he acted as an ordinarily prudent person. Accordingly, we sustain respondent's determination on this issue. Section 6651 imposes an addition to tax for failure to file a timely tax return unless such failure was due to reasonable cause and was not due to willful neglect. Reasonable cause under section 6651 means the exercise of ordinary business care and prudence. . Willful neglect is defined as a conscious, intentional failure or reckless indifference. Id. Petitioner makes no argument as to why an addition to tax pursuant to section 6651 should not be imposed. Accordingly, we sustain respondent's determination on this issue. Section 6654(a) imposes an addition to tax for failure to pay estimated tax. Where prepayments of tax do not equal the percentage of total liability required under the statute, imposition of the addition to tax is generally mandatory unless petitioner shows that one of the several statutory exceptions applies. See . This section *563 has no exception for reasonable cause and lack of willful neglect. . Petitioner has offered no evidence to show that he paid the estimated taxes for the years in issue and, furthermore, has made no argument that he is not liable for the addition to tax under section 6654(a). We, therefore, sustain respondent's determination of this addition to tax. Section 6673 provides that this Court may award damages to the United States if it appears that (1) proceedings before it have been instituted or maintained primarily for delay, (2) the taxpayer's position in such proceedings is frivolous or groundless, or (3) the taxpayer unreasonably failed to pursue available administrative remedies. The record reveals that petitioner's conduct during the course of this case has been deplorable. Petitioner himself invoked this Court's jurisdiction, and then he unnecessarily delayed and prolonged the proceedings before this Court. Despite taking 6 years to prepare for trial and receiving several pretrial orders explaining Court procedures, petitioner failed to cooperate with respondent in preparing a stipulation *564 of facts. Respondent made several attempts to prepare a stipulation, but petitioner thwarted her at every turn. Furthermore, on brief and throughout the proceedings, petitioner relied on various tax protester types of arguments which have long been rejected as without merit. Petitioner's actions before the bankruptcy court were similarly disruptive. The bankruptcy court held petitioner in civil contempt for failing to cooperate and attempting to hinder, delay, and defraud creditors. We cannot allow petitioners to obstruct proceedings in the way in which petitioner has done. We have decided to make an award of a penalty under section 6673. We award a penalty to the United States in the amount of $ 5,000. In light of the foregoing, Decision will be entered for respondent. Footnotes
1. Fifty percent of the interest due on $ 31,475, $ 38,862,v $ 44,200, $ 48,445, and $ 50,351, respectively, for the tax years 1981, 1982, 1983, 1984, and 1985.↩
1. At trial, respondent withdrew her motion for an increased deficiency. On brief, respondent conceded the addition to tax pursuant to section 6661 for each of the applicable years. Therefore, those items are no longer at issue.↩
2. Petitioner's continual failure to cooperate and his attempts to obstruct these proceedings are corroborated by the findings of the bankruptcy court. Petitioner filed for bankruptcy in the midst of these proceedings. His discharge was denied, and he was held in civil contempt by the bankruptcy judge for failing to cooperate and attempting to hinder, delay, and defraud creditors. In re Taylor↩, Ch. 7 Case No. L87-01882C, Adv. No. L88-0053C, Memorandum and Order (N.D. Iowa, June 8, 1989).